UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

C.H. ROBINSON WORLDWIDE, INC.,

                        Plaintiff,                  1:15-CV-1321
                                                             (GTS/DJS)

v.

JOSEPH AIELLO & SONS, INC.; and
JOSEPH AIELLO, JR.,

                        Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

O'TOOLE, McLAUGHLIN DOOLEY           RYAN M. GEMBALA, ESQ.
& PECORA CO. LPA
  Counsel for Plaintiff
5455 Detroit Road
Sheffield Village, OH 44054

GLENN T. SUDDABY, Chief United States District Judge

# DECISION and ORDER

      Currently pending before the Court, in this action filed by C.H. Robinson Worldwide,

Inc., ("Plaintiff") against Joseph Aiello & Sons, Inc., and Joseph Aiello, Jr., ("Defendants")

under the Perishable Agricultural Commodities Act ("PACA"), is Plaintiff's motion for default

judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 10.) For the reasons stated below,

Plaintiff's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint asserts seven claims against Defendants: (1) a claim against Defendant Joseph Aiello & Sons, Inc., for the enforcement of an United States Department of Agriculture Reparation Award pursuant to 7 U.S.C. § 499g(b); (2) a claim against both Defendants for failure to maintain a PACA trust pursuant to 7 U.S.C. § 499e(c); (3) a claim against both Defendants for dissipation of PACA trust assets pursuant to 7 U.S.C. § 499e(c); (4) a claim against Defendant Joseph Aiello & Sons, Inc., for unfair conduct and/or failure to pay PACA trust funds pursuant to 7 U.S.C. § 499b; (5) a claim against Defendant Joseph Aiello, Jr., for breach of fiduciary duty and non-dischargeability pursuant to 7 U.S.C. § 499b and 11 U.S.C. § 523(a)(4); (6) a claim against Defendant Joseph Aiello & Sons, Inc., for action on account and breach of contract; and (7) a claim against both Defendants for failure to make full payment pursuant to 7 U.S.C. § 499e(c). (*See generally* Dkt. No. 1.)

Generally, in support of these claims, Plaintiff's Complaint alleges as follows: (1) Defendants, of Albany, New York, have failed and refused to pay for the commodities they ordered, received and accepted from Plaintiff, despite due demands; (2) upon receipt of the commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendants, all inventories of food or other products derived from the commodities, and the proceeds from the sale of such commodities until full payment is made for the commodities by Defendants to Plaintiff; (3) Defendants have dissipated and are continuing to dissipate the corpus of the statutory trust which arose in favor of Plaintiff and grew upon each delivery to Defendants of perishable agricultural commodities; (4) Defendants failed to hold in trust for the benefit of

Plaintiff such perishable agricultural commodities received by them from Plaintiff, all inventories of food, or other products derived from the commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for the commodities is made; (5) proceeds obtained from the resale of the commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries were improperly expended by Defendant for other purposes; (6) Defendants received funds subject to the trust, which should have been used to pay Plaintiff's outstanding invoice, but were not; (7) Defendant Joseph Aiello & Sons, Inc., failed and refused without reasonable cause to pay Plaintiff the principal amount of $7,747.72 from the trust, plus accrued interest and attorney's fees; (8) Defendant Joseph Aiello, Jr., managed, controlled and directed the purchase of perishable agricultural commodities on credit from Plaintiff on behalf of Defendant Joseph Aiello & Sons, Inc.; (9) Defendant Joseph Aiello, Jr., received, in the regular course of business, funds subject to the trust which were not used for the payment of Plaintiff's outstanding invoices; (10) Defendant Joseph Aiello, Jr., has violated his fiduciary duties as a trustee of the PACA trust in failing to make the payment required to satisfy the priority trust interest of Plaintiff; and (11) Defendant Joseph Aiello & Sons, Inc., breached its obligation to perform under the contract between the parties by failing and refusing to pay the principal amount of $7,747.72. (*Id.*)

  **B.  Plaintiff's Service of Its Complaint and Defendants' Failure to Answer**

  On November 16, 2015, Plaintiff served its Complaint on Defendants. (Dkt. No. 2.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On December 8, 2015, Plaintiff requested an entry of default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 7.) On December 14, 2015, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 8.) As of the date of this Decision and Order, Defendants have not appeared and attempted to set aside that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On January 5, 2016, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 10.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Plaintiff has satisfied the requirements of Fed. R. Civ. P. 55(b), because (i) all Defendants were served with the Complaint and Summons on November 16, 2015, and twenty-one (21) days have passed with no answer, appearance, or responsive pleading having been filed by any Defendant, (ii) the Clerk entered default of all Defendants on December 14, 2015, and (iii) Plaintiff has established that it is entitled to recover on its PACA claim, along with interest and attorney's fees; (2) the amount of damages to which Plaintiff is entitled may be, and have been, established by affidavit and/or declaration; (3) Defendants are liable under PACA, because as purchasers of produce Defendants are statutory trustees who must hold all inventories of food or other products derived from produce and all receivable or proceeds of sale of the produce in trust for the benefit of unpaid suppliers like Plaintiff, pursuant under 7 U.S.C. § 499b(4); (4) Plaintiff has met PACA requirements to qualify as a PACA trust beneficiary and is a qualified beneficiary of the

statutory trust established in its favor because (i) the products sold by Plaintiff to Defendant Joseph Aiello & Sons, Inc., constitute "perishable agricultural commodities" within the meaning of PACA, (ii) Plaintiff is a "dealer" under PACA because "it was in the business of buying and selling produce in interstate commerce," and maintained a PACA license in good and active standing; (5) Defendants are trustees of the PACA trust with a duty to maintain the trust benefits for unpaid suppliers pursuant to 7 U.S.C. § 499e(c)(2), and Defendants' failure to pay Plaintiff for the produce is a violation of Section 2 of PACA (7 U.S.C. § 499b); (6) Defendant Joseph Aiello, Jr., is personally liable for his failure to maintain sufficient PACA trust assets for Plaintiff and for breach of his fiduciary duties because (i) he "was a responsible owner, shareholder, partner, officer, and/or director" of Defendant Joseph Aiello & Sons, Inc., (ii) he was a person in control of and responsible for the day to day operations of Defendant Joseph Aiello & Sons, Inc., and (iii) he was responsible for the disposition of Defendant Joseph Aiello & Sons, Inc., PACA trust assets; (8) 7 U.S.C. §499e(c)(2)'s language "sums owing in connection with such transactions," entitle the Plaintiff to recover not only the price of the produce but also additional related expenses, including contractual rights to attorney's fees and interest, because Plaintiff's invoices provide for the recovery for attorney's fees and costs incurred in collecting their PACA trust assets, as well as the $500.00 handing fee for bringing the administrative action. (Dkt. No. 10, Attach. 1.)

## II.  RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party

5

fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

6

## III. ANALYSIS

### A. Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[1] The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiff has served Defendants with its motion for the issuance of default judgment. However, Defendants have still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of Plaintiff's Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.     Damages**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the vast majority of the damages it seeks, under the circumstances. The Court notes that, while generally a hearing to fix the amount of damages may be conducted,[2] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[3] Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiff has provided the affidavit of Jackie Jones, which demonstrates that Defendants owe Plaintiff $7,747.72 in principal as of December 31, 2015. (Dkt. No. 10, Attach. 2.) Moreover, Plaintiff has provided the affidavit of Ryan M. Gembala, which demonstrates that Defendants owe Plaintiff (1) $3,437.93 in interest as of December 29, 2015, and $3.82 per day thereafter, (2) $500 for a "handling fee" pursuant to 7 U.S.C. § 499e(a), and (3) $596.24 in costs. (Dkt. No. 10, Attach. 3.)

---

[2]     Fed. R. Civ. P. 55(b).

[3]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

The sole issue that the Court takes with Plaintiff's papers regards not the fact that Defendants owe Plaintiff attorney's fees, or the number of hours worked, but the hourly rate of the attorneys who worked on the matter (i.e., $375). (*Id.*)

Traditionally, courts have determined a "reasonable attorney's fee" by calculating the lodestar–the product of the number of hours required by the matter and a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 [2d Cir. 2008]). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *See Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psych. Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011) (internal quotation marks omitted).[4] The court must refer to "the prevailing [market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience,

---

[4] In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 [5th Cir. 1974]).

and reputation." *See Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson,* 465 U.S. 886, 895, n.11, 104 S. Ct. 1541 (1984)). A determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209. As recent as 2012, the Second Circuit indicated that a trial court did not abuse its discretion when it found that "[t]he prevailing hourly rates in [the Northern District of New York] . . . are $210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years of experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012). However, in December 2014, this Court acknowledged that a reasonable hourly rate for attorneys with specialized experience in handling particular matters was $225. *See Zhou v. SUNY Inst. of Tech.*, 08-CV-0444, 2014 WL 7346035, at *3 (N.D.N.Y. Dec. 24, 2014).

Here, the attorney fee application does not state how many years of experience the attorneys had acquired before working on the matter. (Dkt. No. 10, Attach. 3.) Assuming that Ryan M. Gembala had 10 years of experience when he worked on this specialized matter, a reasonable hourly rate in this District for his services would have been $225. Similarly, assuming that "MAA" (presumably Mark A. Amendola at Mr. Gembala's prior firm of Martyn & Associates) was an attorney with 25 years of experience when he worked on this specialized matter, a reasonable hourly rate in this District for his services would also have been $225. As a result, the reasonable attorney's fees for 17.25 hours of work by Mr. Gembala and for 3.5 hours of work by Mr. Amendola would have been $4,668.75.

Therefore, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages, and that a default judgment against Defendants is warranted, awarding Plaintiff a total amount of $17,775.76 principal, pre-judgment interest, attorney's fees, costs and handling fees, calculated as follows:

    (1) $7,747.72 in principal;

    (2) $3,437.93 in pre-judgment interest as of December 29, 2015;

    (3) $825.12 in pre-judgment interest from December 29, 2015, until August 1, 2016 (i.e., $3.82 per day multiplied by 216 days);

    (4) $4,668.75 in attorney's fees;

    (5) $596.24 in costs; and

    (6) $500 in handling fees.

In addition, Plaintiff is awarded post-judgment interest of $3.82 per day until the judgment is satisfied.

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 10) is **GRANTED with respect to liability**; and it is further

    **ORDERED** that Plaintiff's motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 10) is **GRANTED in part and DENIED in part with respect to damages**; and it is further

    **ORDERED** that the Clerk of the Court is directed to enter a Judgment in Plaintiff's favor against Defendants, jointly and severally, in the total amount of **$17,775.76 (SEVENTEEN THOUSAND SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND SEVENTY-SIX**

**CENTS)** in principal, pre-judgment interest, attorney's fees, costs and handling fees as of the date that Judgment is entered (August 1, 2016), and post-judgment interest of $3.82 per day until the Judgment is satisfied; and it is further

**ORDERED** that this Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a).

Date: August 1, 2016
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge